Clayborne JAMISON, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 9979.

District of Columbia Court of Appeals.

Submitted Jan. 5, 1977.

Decided May 6, 1977.

Matthew W. Black, Jr., Washington, D. C., appointed by the court, for appellant.

Earl J. Silbert, U. S. Atty., Washington, D. C., with whom John A. Terry, David M. Bullock and Peter E. George, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, FICKLING * and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted by a jury of the murder on April 13, 1971 of Paul Willis who was shot in the temple and right side at nearly point-blank range while seated in a booth at the Casablanca Bar and Grill in the 3400 block of Georgia Avenue, N.W. The two contentions raised on appeal are that the trial court erred in denying appellant's motion to dismiss the indictment on the grounds of double jeopardy and in refusing to give a requested lesser-included offense instruction on manslaughter. We find no merit in either argument and affirm the conviction.

In June of 1972, appellant and his father went to trial on an indictment for second-degree murder and carrying a dan-

* Associate Judge Fickling was a member of this division at the time the case was submitted, but died before the entry of this opinion.

gerous weapon[1] in the United States District Court for the District of Columbia. A mistrial was declared upon a motion due to a defense error.[2] On July 26, 1972, the prosecutor filed a second indictment of appellant and his father for first-degree murder[3] and carrying a dangerous weapon and at arraignment on August 16, 1972, the government orally moved to dismiss the original indictment. The motion was granted without objection. Subsequently, appellant and his father were convicted by the jury of both charges. On appeal to the United States Court of Appeals for the District of Columbia it was contended that principles of double jeopardy foreclosed the second trial because the mistrial at the original trial had not been "manifestly necessary" and constituted former jeopardy. The Circuit Court did not accept this argument; but it did reverse the convictions, holding that it was a violation of due process for the government to reindict appellant and his father for a more serious offense than was charged in the original indictment simply because of the fortuitous opportunity which arose when a mistrial was declared. *United States v. Jamison*, 164 U.S. App.D.C. 300, 505 F.2d 407 (1974).

In its opinion, the Circuit Court noted quite clearly that the mistrial was no bar to retrial for the murder of Paul Willis, stating:

> [The case] falls into that category which has most consistently been held not to bar further proceedings, namely, those mistrials which are granted at the behest of defendants. . . . [*United States v. Jamison, supra* at 303, 505 F.2d at 410.]

It stated that reprosecution was not barred because the defendant succeeded in overturning his conviction on appeal and concluded that the government was free to

reindict on charges of second-degree murder. *Id.*

Appellant and his father were reindicted in Superior Court for second-degree murder on November 13, 1974. On January 10, 1975, a motion to dismiss the indictments on grounds of double jeopardy was denied by Judge Hess. Later, on July 10, 1975, a second pretrial motion to dismiss on the same ground was denied by Judge Hannon. Both denials were based, at least in part, upon the language of the prior opinion of the United States Court of Appeals.[4] Appellant was subsequently convicted by the jury of second-degree murder. His father was acquitted. Appellant's present challenge to the denial of his motion to dismiss is that the federal case is not controlling on the issue of double jeopardy because the Circuit Court was not presented with the same argument later advanced in the trial court.

The argument is that because appellant did not affirmatively consent to the government's oral motion to dismiss the original indictment for second-degree murder, made after the first trial was aborted and a second indictment for first-degree murder had been filed, the dismissal acted as an acquittal and bars retrial since jeopardy had attached in the first trial before the mistrial. Moreover, appellant suggests that the prosecutors had "overreached" when they dropped the first indictment in order to bring more serious charges and, therefore, they should not be allowed to retry him. This latter argument was settled by the Circuit Court in its *Jamison* case, *supra*. As to the former, it is sufficient to note that dismissal of the first indictment cannot be considered an acquittal because the effect of appellant's request for mistrial, precipitated by counsel's own error, nullified

1. D.C.Code 1973, §§ 22–2403, –3204.

2. The defense attorney erred in his opening remarks to the jury by extolling the credibility of his client, but when the court apprised him that the defendant could be impeached by means of the suppressed confession, *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), counsel asked for a mistrial

on the basis of ineffective assistance of counsel. The motion was granted.

3. D.C.Code 1973, § 22–2401.

4. In light of our disposition of appellants' double jeopardy claims, the government is free to institute new proceedings consistently with this opinion. . . . [*Id.* at 310, 505 F.2d at 417.]

any attachment of jeopardy. In such circumstances the government is free to proceed as though no trial had ever begun.[5]

■ Appellant also contends that the trial court should have given a requested jury instruction on manslaughter as a lesser-included offense of second-degree murder.[6] Having reviewed the record, it is apparent that there was no evidentiary predicate for a finding of adequate legal provocation upon which to base such a charge. *See Morgan v. United States*, D.C.App., 363 A.2d 999, 1002 (1976); *United States v. Bradford*, D.C.App., 344 A.2d 208, 213 (1975); *Pendergrast v. United States*, D.C. App., 332 A.2d 919, 924 (1975); *United States v. Alexander*, 152 U.S.App.D.C. 371, 394, 471 F.2d 923, 946, *cert. denied*, 409 U.S. 1044, 93 S.Ct. 541, 34 L.Ed.2d 494 (1972). Accordingly, the court rightly refused to give the requested instruction.

*Affirmed.*

---

**5.** The federal appellate court was aware of the fact that the original indictment had been dismissed by the government. The government noted the fact in its brief and obviously there had been a substitution of indictments in order for appellant to have been tried for first-degree murder rather than second. Nonetheless, the court found this no reason to prevent further proceedings upon remand. The new proceedings invited by the court obviously would have to be initiated with a fresh indictment.

**6.** Appellant claims that he was provoked to shoot the decedent because Willis kept robbing him and his father. Apparently, appellant had been robbed by Willis earlier in the evening on the night of the shooting. However, the facts indicate that appellant had had plenty of time and opportunity to calm down, and that he was calm at the time he entered the bar and deliberately shot Willis.